UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES PLACE ASSOCIATES | : | |
| | : | |
| VS. | : | C.A. NO. 07-368 |
| | : | |
| CARRIER CORPORATION | : | |

**DEFENDANT'S ANSWER, COUNTERCLAIM AND CLAIM OF JURY TRIAL**

**FIRST DEFENSE**

1. Denied for insufficient knowledge.
2. Denied for insufficient knowledge.
3. Denied for insufficient knowledge.
4. Admitted.
5. Admitted. "Carrier Commercial Service" is a division of Carrier Corporation.
6. Admitted.
7. Admitted.
8. Admitted.
9. Denied for insufficient knowledge.
10. Denied for insufficient knowledge.

11. Denied for insufficient knowledge.

12. Denied for insufficient knowledge.

13. Denied for insufficient knowledge.

14. Denied for insufficient knowledge.

15. Denied for insufficient knowledge.

16. Denied for insufficient knowledge.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied for insufficient knowledge.

22. Denied for insufficient knowledge.

22(1)[sic] Denied.

23. Denied.

24. Denied.

25. Denied for insufficient knowledge.

26. Denied for insufficient knowledge.

27. Denied for insufficient knowledge.

28. Denied for insufficient knowledge.

29. Denied for insufficient knowledge.

30. Denied for insufficient knowledge.

31. Denied except that defendant admits that Carrier Corporation agreed to

coordinate any shutdown to minimize disruptions.

32. Denied for insufficient knowledge.

33. Admitted.

34. Admitted that it took approximately one hour. Denied that tenant suffering a stroke was in any way connected to, or the result of, the temporary loss of electrical power.

35. Admitted that the partnership requires a continuous supply of electricity. Deny the remainder for insufficient knowledge.

36. Denied as to partnership's performance of all conditions and denied for insufficient knowledge as to the remaining allegations.

37. Admit that Carrier Corporation has refused to supply an emergency generator at its expense.

38. Incorporate prior answers as to preceding allegations.

**COUNT ONE**

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT TWO**

43. Denied.

44. Denied

45. Denied

46. Denied.

47. Denied.

**COUNT THREE**

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**COUNT FOUR**

53. Denied.

54. Denied.

55. Denied.

**COUNT FIVE**

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

**COUNT SIX**

62. Denied.

63. Denied.

## SECOND DEFENSE

Plaintiff's action should be dismissed because plaintiff does not have a contract with defendant, Carrier Corporation. To the contrary, "Naples Holding Corporation", by and through H. Charles Tapalian, entered into a contract with Carrier Commercial Systems and Services, a division of Carrier Corporation, on or about July 25, 2005. (Attached as Exhibit A.)

## THIRD DEFENSE

Carrier Commercial Systems and Services, a division of Carrier Corporation, entered into a contract with "Naples Holding Corporation" on or about July 25, 2005. Paragraph 16 of the Agreement provided in part:

> Customer may assign this Agreement only with Carrier's prior written consent. No modification to this Agreement shall be binding unless in writing and signed by both parties.

Plaintiff's action should be dismissed because at no time did Naples Holding Corporation assign its rights pursuant to the contract to plaintiff with Carrier Corporation's prior written consent.

## FOURTH DEFENSE

Plaintiff's allegations relating to oral representations and/or statements made prior to execution of the contract are irrelevant, immaterial and inadmissible in that the contract executed by Carrier Corporation on July 25, 2005, with Naples Holding Corporation provides:

> 16. SUPERSEDURE. ASSIGNMENT and MODIFICATION.
> This Agreement contains the complete and exclusive statement of the agreement between the parties and supersedes all previous or contemporaneous oral and written statements.

## FIFTH DEFENSE

Plaintiff's allegations relating to the terms and conditions and/or statements or warranties are irrelevant, immaterial and inadmissible in that the contract executed by Carrier Corporation on July 25, 2005, with Naples Holding Corporation provides:

6. WARRANTY:
Carrier warrants that all service provided under this agreement shall be performed in a workmanlike manner. Carrier also warrants all Carrier parts or components supplied hereunder to be free from defects in material and workmanship. For parts or components determined to defective within one year from the date of installation or before the termination date of this Agreement, whichever is earlier, and in the case of service, determined to be defective within ninety (90) days of completion of that service, Carrier shall at its option, repair, replace or issue credit for any such parts or components or service, provided they were not damaged, abused, or affected by chemical properties. Any claim for defective workmanship must be provided to Carrier in writing. THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, IMPLIED OR STATUTORY INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. Carrier's obligations to repair, replace, or issue credit for any defective parts, components or service shall be Customer's exclusive remedy.

**SIXTH DEFENSE**

Plaintiff's allegations relating to the terms and conditions of the contract are irrelevant, immaterial and inadmissible in that the contract executed by Carrier Corporation on July 25, 2005, with Naples Holding Corporation provides:

8. CUSTOMER RESPONSIBILITIES –Customer shall:
   - Promptly notify Carrier of any unusual operating conditions.
   - Upon agreement of a timely mutual schedule, allow Carrier to stop and start equipment necessary to perform service.
   - Operate the equipment properly and in accordance with Instructions.

**SEVENTH DEFENSE**

Plaintiff's allegations relating to the terms and conditions of the contract are irrelevant, immaterial and inadmissible in that the contract executed by Carrier Corporation on July 25, 2005, with Naples Holding Corporation provides:

12. LIMITATION OF LIABILITY--.
Under no circumstances shall Carrier be held liable for any

> accidental, special or consequential damages, including loss of revenue, loss of use of equipment or facilities, or economic damages, based on strict liability or negligence. Carrier shall be liable for damage to property, other than equipment provided under this Agreement, and to persons, to the extent that Carrier's negligent acts or omissions directly contributed to such injury or property damage. Carrier's maximum liability for any reason (except for personal injuries) shall consist of the refunding of all moneys paid by Customer to Carrier under this Agreement, subject to right of removal and return of equipment provided under this Agreement to Carrier.

## EIGHTH DEFENSE

The contract executed on July 25, 2005 with Naples Holding Corporation, provides:

**Work By Others:**

> All labor and materials for electrical power wiring, control wiring any other electrical work to be performed by others.
>
> The quoted price includes labor, (on a straight time basis), material, transportation, tools and supervision as outlined. **Only the items listed above are included in the price as quoted. Any additional work, if required, would be performed only upon your authorization and bill in addition to the quoted price**. Material furnished by Carrier will be supplied in accordance with the contractual re-quirements. Prices quoted do not include any sales, excise or similar taxes, it being understood that any which may apply will be added at cost.

## NINTH DEFENSE

Defendant denies any breach of duty legally owed to plaintiff.

## TENTH DEFENSE

Defendant denies act or omission on its part was the proximate cause of any damage to plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's own conduct was the proximate cause of any alleged damage or inconvenience.

**TWELFTH DEFENSE**

Plaintiff alleges entitlement to goods, services and products that were not within the scope of the contract executed by Naples Holding Corporation on or about July 25, 2005.

**THIRTEENTH DEFENSE**

Defendant affirmatively pleads failure of consideration.

**FOURTEENTH DEFENSE**

Defendant affirmatively pleads waiver.

**FIFTEENTH DEFENSE**

Defendant affirmatively pleads estoppel.

**SIXTEENTH DEFENSE**

The products purchased by Naples Holding Corporation, on information and belief, may have been put to an unusual and unintended use.

**SEVENTEENTH DEFENSE**

Plaintiff has failed to provide reasonable notice of an alleged breach pursuant to the provisions of G.L. §6A-2-607, the Uniform Commercial Code.

**EIGHTEENTH DEFENSE**

The contract executed by Naples Holding Corporation on July 25, 2005, was at all times subject to the provisions of G.L. §6A-2-316, the Uniform Commercial Code.

## NINETEENTH DEFENSE

Plaintiff's action should be dismissed because, pursuant to the terms of the contract executed by Carrier Corporation on July 25, 2005.

## RESERVED COUNTERCLAIM

Defendant Carrier Corporation hereby affirms its intention to amend its answer above by stating its counterclaim at such time as the proper party plaintiff, namely Naples Holding Corporation, is substituted for plaintiff Charles Place Associates.

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
Attorney for Defendant,
Carrier Corporation
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

**The defendant, Carrier Corporation, hereby demands a trial by jury.**

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 20th day of November, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

John B. Reilly #1811
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, RI 02903
jreilly@lawyers-online.us

/s/John T. Walsh, Jr., Esq.