UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES PLACE ASSOCIATES :
:
VS. : C.A. NO. 07-368
:
CARRIER CORPORATION :

**DEFENDANT, CARRIER CORPORATION'S PRE-TRIAL MEMORANDUM PURSUANT TO Fed R. Civ. P. 16**

1. Carrier's Defense of Plaintiff's Complaint:

Defendant, Carrier Corporation, defends this complaint on the basis of a written contract entered July 25, 2005 (Exhibit A) between Carrier Corporation and Naples Holding Corporation. Pursuant to the terms of that contract, Carrier Commercial Systems and Services [a division of Carrier Corporation], ("Carrier") agreed to furnish and install a Combined Heat and Power System and certain auxiliary equipment at the Charles Place apartment complex located on Charles Street in Providence. This is an independent electrical energy generating system. The contract sets forth a clearly defined scope of work consisting of 18 items of performance together with a complete itemization of all equipment to be furnished and installed as part of the system.

In defense of this action, Carrier asserts that it performed its contract to the letter, supplying all of the labor and materials necessary to install the Combined

Heat and Power System. That system was completed and was commissioned into operation on September 21, 2006.

In further defense of the plaintiff's complaint, Carrier asserts that the scope of its written contract must control its legal obligations. Prior alleged oral representations or statements relating to the scope of the contract or performance of the contract cannot alter the nature and description of Carrier's obligations. All such prior oral discussions were merged into the contract. Paragraph 16 of the Agreement provides as follows:

> "This Agreement contains the complete and exclusive statement of the agreement between the parties and supersedes all previous or contemporaneous oral or written statements. Customer may assign this Agreement only with Carrier's prior written consent. No modification to this Agreement shall be binding unless in writing and signed by both parties."

Based on Rhode Island contract law set forth below, Carrier relies on the terms and conditions of the contract. All prior or contemporaneous representations made relating to the contract are, merged into the contract as noted above. [See <u>Carlsten v. Oscar Gruss & Son, Inc.</u>, 853 A.2d 1191 (R.I. 2004)] Moreover, any subsequent modification of the terms of the contract required a writing signed by both parties. There are no such writings.

2. <u>Carrier Counterclaim:</u>

In addition to its contract to furnish and install the Combined Heat and Power System, Carrier also entered into a separate service contract for maintenance and repair of the equipment. Carrier issued the contract in the name

of "Naples Holding Corporation", with whom it had contracted for the original installation. It designated that corporation on Page 1 of the proposed Agreement. However, the service contract (Exhibit B) was executed by "H. Chas. Tapalian", on behalf of "Charles Place Associates" on May 23, 2007. At the time the complaint was answered by Carrier, Carrier had conducted a corporate search but determined that Naples Holding Corporation was not a Rhode Island Corporation and was not qualified to do business in Rhode Island. It has later been learned that Naples Holding Corporation is a Connecticut corporation. Further information is presently being sought from Connecticut. To date, no 30(b)(6) deposition has been taken of plaintiff, Charles Place Associates, and/or Naples Holding Corporation.

Consequently, Carrier elected to reserve its Counterclaim, pending clarification of the contractee. Carrier's contract (Exhibit A) for installation of the equipment that is the subject of the complaint was with Naples Holding Corporation. The service contract (Exhibit B), although issued to Naples Holding Corporation by Carrier, was executed by Mr. Tapalian in the name of Charles Place Associates. Thus, additional clarification of respective relationships among the parties is required.

If it is the proper party, Carrier intends to assert its Counterclaim against the present plaintiff, Charles Place Associates, for payment of a balance due in the amount of $69,908.69 for services performed pursuant to the service contract of May 23, 2007. It is noteworthy that Paragraph 16 of the terms and conditions of

the basic contract above requiring Carrier to furnish and install the Combined Heat and Power System (Exhibit A), the rights of Naples Holding Corporation, as contractee, were limited by ¶16 requiring Carrier's prior written consent to any assignment. At no time did Carrier Corporation receive any notice from Naples Holding Corporation that it had assigned its rights in the contract to the present plaintiff, Charles Place Associates.

In sum, once discovery has been completed and depositions have been taken to properly identify the parties, Carrier Corporation will amend its answer appropriately to state its Counterclaim. The invoices that give rise to the Counterclaim are attached as <u>Exhibit C.</u>

3. <u>Counterclaim for Breach of Contract:</u>

The essence of Carrier's defense to plaintiff's complaint, and its Counterclaim for the balance owed on the service contract, are bedded in contract law. Specifically, with respect to the Counterclaim, Carrier asserts that it provided valuable service to the plaintiff pursuant to that contract and is entitled to the outstanding balance due. With respect to its claim and its Counterclaim, Carrier relies upon Rhode Island Law. It is well settled that in order to create a valid contract, the parties must intend to be bound by the terms of the agreement." *Rhode Island Five v. Medical Assoc. of Bristol County, Inc.*, 668 A.2d 1250, 1253 (R.I. 1996). The elements of a contract are 1) an offer , 2) an acceptance of the offer, 3) legal consideration, 4) mutuality of agreement, and 5) mutuality of obligation. *Smith v. Boyd,* 553 A.2d 131, 133 (R.I. 1989). Upon a finding of a

valid contract, the Court must then look to the plain meaning of the contractual terms and determine if the terms, as ordinarily understood, were breached. *Rhode Island Depositors Econ. Prot. Corp. v. Coffey & Martinelli, Ltd.,* 821 A.2d 222, 226 (R.I. 2003). Here, Carrier Corporation alleges, for the reasons discussed above, that Charles Place Associates and/or Naples Holding Corporation is obligated to pay for the services rendered which are the subject of the Counterclaim.

/s/ John T. Walsh, Jr., Esq.
John T. Walsh, Jr. #0483
Attorney for Defendant,
Carrier Corporation
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
401-272-3500
401-273-8780 (fax)
Jwalsh@hcc-law.com

CERTIFICATE OF SERVICE

I, John T. Walsh, Jr., certify that on the 14th day of December, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

John B. Reilly #1811
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, RI 02903
jreilly@lawyers-online.us

/s/John T. Walsh, Jr., Esq.