UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES PLACE ASSOCIATES
Plaintiff

v. C.A. No.: 07-368 S

CARRIER CORPORATION, individually
And doing business as "CARRIER COMMERCIAL
SERVICE, a Division of Carrier Corporation" and
UNITED TECHNOLOGIES COMPANY, individually
And doing business as "UTC Power, A United
Technologies Company"

Defendants

**ANSWER OF PLAINTIFF, CHARLES PLACE ASSOCIATES, TO COUNTERCLAIM OF DEFENDANT, CARRIER CORPORATION**

Plaintiff and counterclaim defendant, Charles Place Associates (hereinafter "Charles Place") responds to the counterclaim of defendant and counterclaim plaintiff, Carrier Corporation (hereinafter "Carrier") as follows:

**FIRST DEFENSE**
(Separate Paragraphs and Counts of Counterclaim)

COUNT I
(Alleged "Breach of Contract"

1. Charles Place admits only that Naples Holding Corporation ("Naples") acted as its general contractor with respect to the project described in its amended verified complaint (which such amended verified complaint is restated and incorporated herein, by reference, and will hereinafter be referred to as "the Partnership's complaint") and that the contract in question is described in the Partnership's complaint. It denies that the contract date was July 25, 2003.

2. Charles Place admits that on or about May 23, 2007, it signed a so-called "Service Agreement" and that a copy of this "Service Plus" document appears at exhibit "A" of Carrier's Counterclaim. Charles Place denies that the original contract was dated July 25, 2003. Answering further, Charles Place lacks information sufficient to form a belief as to whether or not Carrier entered into this agreement as the document refers to an entity called "Carrier Commercial Service" which was not at that time registered or qualified to transact business in Rhode Island, thus leaves Carrier to such proof as it may be advised of the remaining allegations of such paragraph.

3. Charles Place admits that services have been received, but denies that they were proper, essential, and/or necessary in view of the totality of circumstances described in the Partnership's complaint. Accordingly, it leaves Carrier to such proof of its allegations as Carrier may be advised.

4. It is admitted that Charles Place has not paid all invoices or billings for the services provided or allegedly provided, but denies that they were proper, essential, and/or necessary in view of the totality of circumstances described in the Partnership's complaint. Accordingly it leaves Carrier to such proof of its allegations and of the fact that its invoices were reasonable, fair and/or necessary, as Carrier may be advised.

WHEREFORE, Charles Place demands judgment against Carrier's counterclaim for alleged "breach of contract" with costs and reasonable attorney fees.

COUNT II
(Alleged "Rescission")

1. Denied.

WHEREFORE, Charles Place demands judgment against Carrier's counterclaim for "rescission", with costs and reasonable attorney fees.

## SECOND DEFENSE

Charles Place generally denies all parts, portions, claims, demands and/or allegations of Carrier's counterclaim except those designated averments it has expressly admitted in this answer.

## THIRD DEFENSE

Carrier's counterclaim fails, in whole or in part, to state any cause or causes of action against Charles Place upon which relief may be granted.

**FOURTH DEFENSE**

Carrier's own actions and/or inactions are the sole and/or a contributing cause to its injuries or damages, if any.

**FIFTH DEFENSE**

Carrier has failed to mitigate his damages, if any.

**SIXTH DEFENSE**

The damages alleged by the Carrier are speculative in nature.

**SEVENTH DEFENSE**

The contract(s) and/or agreement(s) described in the counterclaim did not grant Carrier status or standing upon which to bring or base its counterclaims and the identity of parties to such agreements are (to the extent stated therein) incorporated herein, by reference.

**EIGHTH DEFENSE**

Charles Place invokes all applicable Statutes of Limitation as against Carrier's alleged counterclaims.

**NINTH DEFENSE**

Charles Place pleads estoppel in response to or in defense of Carrier's counterclaims.

**TENTH DEFENSE**

Charles Place pleads waiver in response to or in defense of Carrier's counterclaims.

**ELEVENTH DEFENSE**

Charles Place pleads laches in response to or in defense of Carrier's counterclaims.

**TWELFTH DEFENSE**

Charles Place incorporates, by reference, Count II of the Partnership's Complaint in defense of such counterclaims.

**THIRTEENTH DEFENSE**

Charles Place incorporates, by reference, Count III of the Partnership's Complaint in defense of such counterclaims.

**FOURTEENTH DEFENSE**

Charles Place incorporates, by reference, Count IV of the Partnership's Complaint in defense of such counterclaims.

**FIFTEENTH DEFENSE**

Charles Place incorporates, by reference, Count V of the Partnership's Complaint in defense of such counterclaims.

**SIXTEENTH DEFENSE**

Charles Place incorporates, by reference, Count VI of the Partnership's Complaint in defense of such counterclaims.

**SEVENTEENTH DEFENSE**

The counterclaims made by Carrier are frivolous in nature.

**EIGHTEENTH DEFENSE**

The counterclaims asserted herein amount to the use of process by Carrier for the ulterior or coercive purpose of gaining a collateral advantage with the intent to further injure and damage Charles Place, for which such purpose(s) the counterclaim process of this Court was neither designed nor intended, causing Charles Place additional expense and costs to respond to the same.

**NINETEENTH DEFENSE**

Charles Place reserves such further defenses, pleas, remedies or set-offs as are currently unknown to it, yet which may appear during the course of discovery, trial or otherwise.

**WHEREFORE,** Charles Place demands judgment against Carrier with respect to each and every aspect of its counterclaims, together with costs, reasonable attorney fees and a trial by jury.

Charles Place Associates
By its Attorney,

/s/ John B. Reilly

John B. Reilly, Esq. (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, Rhode Island 02903
Tel: (401) 272-2800
Fax: (401) 272-2811

**CERTIFICATION**

It is hereby certified that a true copy of the Answer to Counterclaim was filed electronically on March 24, 2008, and is available for viewing and downloading from the ECF system. The following received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

John T. Walsh, Esq.
Paul S. Callaghan, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

/s/ John B. Reilly